AARON H. FULLER v. MARY A. FULLER.

1. MARRIAGE; *Action for Dissolution.* Where a man innocently marries a woman who has a husband living, he may afterward maintain an action against her in equity and independent of the statutes relating to divorce and alimony, to have the supposed and colorable marriage declared to be a nullity.

2. ———— And in such an action the defendant is not entitled to recover permanent alimony.

3. ———— *Cross-Bill; Alimony.* And although she may in her answer, by way of cross-petition or cross-bill set up new matters, and ask for a divorce and alimony, but also shows in her answer that she is not entitled to either a divorce or alimony, she cannot recover permanent alimony upon a judgment rendered in the case, declaring the marriage between herself and the plaintiff to be a nullity.

### *Error from Butler District Court.*

ACTION to have a supposed marriage declared to be a nullity. The material facts are stated in the opinion. The court declared the marriage null, but adjudged that the plaintiff, *Aaron H. Fuller*, pay the defendant, *Mary A. Fuller*, the sum of $600 as alimony. The plaintiff complains, especially of this award of alimony, and brings the case to this court.

*F. L. Jones*, and *H. W. Schumacher*, for plaintiff in error.

*T. O. Shinn*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was brought on July 18, 1884, in the district court of Butler county, by A. H. Fuller against Mary A. Fuller, for a divorce, and to have a marriage supposed to have been consummated between them set aside and held for naught, upon two grounds: *First*, that the defendant had a former husband living at the time of her marriage with the plaintiff; *second*, extreme cruelty on the part of the defendant toward the plaintiff.

The defendant answered, setting up: *First*, a general denial, except as to allegations specifically admitted in her answer; *second*, admissions on her part of the supposed marriage to the plaintiff, as alleged by him, and also that at the time of said supposed marriage she was the lawful wife of another, but alleged that at that time she believed that she had been divorced, and that her former husband was dead, and stated reasons therefor. The defendant also, by way of cross-petition or cross-bill, alleged good faith and good conduct on her part,

and that by their mutual toil and industry while living together they had accumulated property to the amount of about $2,300; and that the plaintiff was, at the commencement of this action, worth about $3,500; and also alleged that the plaintiff had in various ways misconducted himself toward her, and then prayed for a divorce from him, and that he be required to pay her $1,000 alimony, and $200 attorney's fees.

The plaintiff replied by setting up a general denial, except as to matters expressly admitted; alleging that while they lived together he received a pension of about $1,200, and that by investments thereof he had accumulated about the amount which the defendant claimed they had jointly accumulated, and that he was then worth about $3,000; and he also alleged further misconduct on the part of the defendant.

The case was tried September 22, 1884, by the court without a jury, but before proceeding with the trial the plaintiff with leave of the court struck out all that portion of the prayer of his petition which asked for a divorce, and afterward prosecuted his action merely for the purpose of having the supposed marriage between himself and the defendant declared to be a nullity. The plaintiff did not introduce any evidence tending to prove extreme cruelty on the part of the defendant, but introduced evidence merely tending to show the former marriage of the defendant, and that she had not been divorced, and that her former husband was still living. The defendant did not introduce any evidence, but offered to introduce evidence, tending to show that from $1,600 to $1,800, in value of the wealth of the plaintiff, was the product of the united labors of the plaintiff and the defendant while they were living together, and offered to introduce evidence tending to show that at the time of her marriage with the plaintiff he had full knowledge concerning her former marriage and her separation from her former husband, and also evidence tending to show that at the time of her marriage with the plaintiff she believed that she was not a married woman; but the plaintiff objected, and the court excluded the evidence, and both parties then closed their

evidence. The court then made the following special findings, to wit:

"Upon the request of the plaintiff, the court makes in this case the following special findings of fact from the testimony introduced:

"1. That on the 11th day of September, 1881, the plaintiff, A. H. Fuller, and the defendant, Mary A. Fuller, did enter into the bonds of matrimony, and did contract marriage in fact.

"2. That on the 27th day of May, 1876, in the city of Joplin, Jasper county, Missouri, the said defendant was legally married to one James R. McKee, who is still living.

"3. That at the date of said marriage in fact between said plaintiff and defendant, the said defendant was then the lawful wife of said James R. McKee.

"4. The said defendant was married to the plaintiff under the name of Mary A. Walker.

"5. That said plaintiff was, at the time of commencing this suit, worth about three thousand dollars.

"6. That plaintiff is the equitable owner of lots 3, 4 and 5, block 'L,' of Herman and McKitrick's addition to the city of Augusta, Kansas, which are worth about six hundred dollars, and which is the homestead of the plaintiff."

Upon these findings the court below rendered judgment "that the marriage of the said plaintiff to said defendant be and the same is hereby declared and decreed null and void; that the plaintiff pay to said defendant the sum of six hundred dollars as alimony; and that the same be a lien on the homestead of said plaintiff, and in default of the payment thereof for the space of thirty days, that an order of sale issue for the sale of said homestead," giving a proper description thereof. The plaintiff, as plaintiff in error, now brings the case to this court, and complains especially of that portion of the judgment of the court below which awards to the defendant $600 as alimony. We think the judgment to this extent is erroneous. That a marriage, where one of the parties at the time has a husband or wife living, is void, absolutely and in all its aspects, we suppose no one will question. It requires no judgment of divorce or of nullity to render it void. It is void

inherently and from the beginning.    Under our statutes, how-
ever, for prudential reasons, the innocent party is allowed, if
he or she chooses, and by an ordinary action for divorce, to
have the supposed or colorable marriage set aside and anulled.
Also, the innocent party may maintain an action in equity to
have such colorable marriage declared null and void.    This
equitable remedy is the kind of action which the plaintiff in
this case is now seeking to maintain, and which he has sought
to maintain ever since he amended his petition in the court
below, by striking out all that portion of the prayer of his
petition which related to divorce.    If the plaintiff may main-
tain this action, then the defendant cannot recover permanent
alimony, for the following reasons : The action is not prose-
cuted under the statute authorizing alimony, and as the de-
fendant in legal contemplation has never been the wife of the
plaintiff, she is not entitled to alimony independent of the
statute.    The defendant, however, claims that she filed an an-
swer, by way of cross-bill, asking for a divorce and alimony,
and therefore that under her answer and by virtue of the
statute she should recover alimony.    In answer to this, it may
be said that her answer or cross-petition does not state any
cause of action for either divorce or alimony.    It admitted
that she was not the wife of the plaintiff and never had been,
and because of her own incapacity and fault.    And while it
alleges some misconduct on the part of the plaintiff, it does
not allege any such misconduct as would entitle her to a di-
vorce or alimony even if she had been his wife, which she
was not; and therefore, under no view that can be taken of
the case can she recover alimony.

We have examined all the authorities cited by counsel for
the defendant, and we do not think that any of them conflict
with these views.    We have also examined several other cases,
and we think that this decision is in entire harmony with all
of them.    It is certainly in harmony with the case of *Powell
v. Powell*, 18 Kas. 371, 380, 381.    It is our opinion, however,
that in all judicial separations of persons who have lived to-

gether as husband and wife, a fair and equitable division of their property should be had; and the court in making such division should inquire into the amount that each party originally owned, the amount each party received while they were living together, and the amount of their joint accumulations. Of course these matters are not conclusively controlling. For instance, where a real marriage has taken place and alimony is granted to the wife because of the husband's fault, such alimony may be granted out of his estate, although the wife may never have owned any property and never contributed anything to her husband's wealth. Alimony, however, is never awarded to a woman who is not a wife, where she alone is at fault, and out of an estate to which she has contributed nothing.

We think the court below erred as against the plaintiff in granting alimony to the defendant. Whether the court did not also err as against the defendant, in not hearing her testimony with regard to joint accumulations of property by her and the plaintiff while they were living together, is not before us. The defendant has not filed any petition in error or cross-petition in error in this court, nor is she seeking any reversal or modification of the judgment of the court below. We might here say that there was no evidence nor any admission in the court below showing that there were any joint accumulations of property, or that the defendant ever contributed anything toward the plaintiff's wealth.

The judgment of the court below will be modified in accordance with this opinion.

All the Justices concurring.