## EMIL WERNER v. ROSA WERNER.

### No. 10669.

DECREE OF NULLITY OF MARRIAGE—*because one party had husband or wife living, may equitably divide jointly accumulated property.* In an action wherein the marriage between two parties is found to be void because one of the parties had a husband or wife living at the time of the invalid marriage, and a decree of nullity is entered, the court, while it cannot grant alimony, as such, has authority to make an equitable division of property jointly accumulated by the parties while they lived together as husband and wife.

Error from Sedgwick District Court.   D. M. Dale, Judge.   Opinion filed May 7, 1898.   *Affirmed.*

*Amidon & Conly*, for plaintiff in error.
*Stanley, Vermilion & Evans*, for defendant in error.

JOHNSTON, J.   This was an action brought by Rosa Werner to obtain a divorce from Emil Werner, upon the grounds of habitual drunkenness, extreme cruelty, and gross neglect of duty.   She also set forth at length a description of property, and alleged that in some of it she owned an interest, and that the remainder stood in the name of the defendant but was in fact the joint accumulation of the parties while they lived together as husband and wife.   In his answer, Emil Werner alleged that he was induced to enter into the marriage relation with Rosa through her misrepresentation and fraud; that she was at the time the wife of John G. Cole, who was then living, and from whom she had not obtained a divorce; and that he had no knowledge of this fact until the present proceeding was begun. He also charged her with extreme cruelty, and asked that the marriage contract be declared null and void. In her reply, Rosa Werner asked that, if the marriage should be held to be null and void and no divorce should be granted to the plaintiff from the defendant, there be an equitable and just division of the property which she alleges was the result of the joint earnings and labors of the plaintiff and the defendant during the time they lived together as husband and wife.

At the trial, considerable testimony was offered as to the misconduct of Emil Werner, but the court found it unnecessary to determine whether the grounds alleged by the plaintiff below had been sustained.   It appeared from the testimony that Rosa Werner had a

husband living at the time she was married to Emil Werner, and, for that reason, the marriage was declared to be null and void, and a division of the property was made.   Emil Werner complains of the ruling of the court awarding Rosa a share of the property, contending that she was never in fact his wife, and that alimony is never awarded to a woman who is not a wife.

It is true, as the plaintiff in error contends, that the marriage between the parties was absolutely void from the beginning.   Although living together as husband and wife, they were not in fact married, and hence no allowance could be made as alimony.   The rule is that permanent alimony can only be allowed where the relation of husband and wife has existed; but this rule does not preclude an equitable division of the property where there is a judicial separation of the parties on account of the invalidity of the marriage contract.   *Fuller v. Fuller*, 33 Kan. 582, 7 Pac. 241.

Strictly speaking, this action as it was tried was not a divorce proceeding, but it was rather one to annul a void marriage.   Although instituted under the statutes to obtain a divorce, the pleadings were so drawn and the issues so shaped that it was within the power of the court to grant relief independently of the statutes relating to divorce, and it rendered a decree of nullity rather than a decree of divorce.   The plaintiff below set forth at length the description and nature of the property which had been acquired by the parties, the manner in which it had been acquired, and her interest in the same, and in the prayer of her reply she asks to be allowed a just and equitable division of the same in case the marriage was held to be null and void.   The court in its decree did not treat the award as alimony, but rather adjudged her a share of

26—59 KAN.

the property jointly accumulated by the parties during the time they lived together as husband and wife. *Fuller v. Fuller*, supra, greatly relied on by the plaintiff in error, holds, it is true, that in an action of this character the defendant is not entitled to recover permanent alimony, but at the same time it is expressly stated:

"That in all judicial separations of persons who have lived together as husband and wife a fair and equitable division of their property should be had; and the court in making such division should inquire into the amount that each originally owned, the amount that each party received while they were living together, and the amount of their joint accumulations."

Even in cases where the marriage is valid, and a divorce is refused for any cause, the court may adjudge an equitable division and disposition of the property of the parties. Civil Code, § 643. But independently of the statute of divorce, we think the court had authority to decree, not only an annulment of the marriage, but also the division of the property which had been jointly accumulated by the parties. It was an equitable proceeding, and, within its equity power, the District Court had full jurisdiction to give adequate relief to the parties.

The division that was made was eminently equitable and just. While Emil Werner had considerable property at the time of the marriage and Rosa had none, the testimony tends to show that the property which they have now is largely the result of their joint labor and earnings. She was active, industrious, and faithful, and, besides household work, she was an efficient aid in conducting and carrying on the different branches of business in which he was engaged. In the early days she performed labor of the hardest and most menial character, and throughout the twenty-two

years in which they lived together as husband and wife she was diligent, tireless and economical in building up a business, and in gathering the property which they held at the time of the trial. She appears to have been a valuable assistant in managing the business and in caring for the property in which their earnings were invested. A portion of the time the title to the property was in her name, but at the time of the separation he held the legal title to most of it. The fact, however, that the legal title stood in the name of one or of the other of the parties does not prevent a just distribution of the property jointly contributed and in fact jointly owned by both. If a separation had occurred while the property stood in her name, it would hardly be contended that he would be deprived of any share or interest in the same. No more should she be deprived of a fair share of the fruits of her skill, industry and toil while she occupied a partnership relation with him. The court has the same power to make equitable division of the property so accumulated as it would have in case of the dissolution of a business partnership.

It is claimed that defendant in error had no right to appeal to the equitable consideration of the court, because the marriage contract was entered into through deception and fraud on her part, while the conduct of the plaintiff in error was faultless in this respect. The testimony hardly sustains the contention. She states that she frankly told Werner of her former marriage to Cole, and she further told him that Cole claimed, at the time he abandoned her, that when he married her he had a living wife. Werner advised her that as Cole had another living wife her marriage with him was void, and that she was at liberty to marry again. He produced a law book and read from the same to convince her that the former

marriage was no obstacle to a legal marriage with him. There is considerable testimony tending to show that there was no deception or fraud and that her misconception of the law was largely due to the advice and influence of the plaintiff in error. No reason is seen why she was not entitled to ask and obtain a share of the joint accumulations, and, in our view, the share which was awarded her was no more than she was justly entitled to.

The judgment of the Court will, therefore, be affirmed.