Rullman v. Rullman.

## LOUIS RULLMAN v. NELLIE RULLMAN.
### No. 16,658.

DIVORCE REFUSED—*Division of Property.* The parties to a divorce suit having been found to be in equal wrong, the trial court held not to have abused its discretion in dividing the property.

Error from Doniphan district court; WILLIAM I. STUART, judge. Opinion filed July 3, 1909. Affirmed.

*Arthur C. Bell,* and *S. M. Brewster,* for the plaintiff in error.

*J. J. Baker,* for the defendant in error.

*Per Curiam:* This is a suit for divorce and alimony. A divorce was refused for the reason that both parties were at fault. The court, however, made a division of property, whereby the parties might live apart. The defendant, Louis Rullman, prosecutes error, complains that the allowance made to the plaintiff was unreasonably large, and asks that the order be set aside, or at least modified.

It appears from the evidence that the parties were married about twenty-three years before the action was commenced. The plaintiff was about twenty-four years of age and the defendant fifty-nine. At the time of the trial the plaintiff was about forty-seven, and the defendant eighty-two. At the time of the marriage the plaintiff had one child, about three years of age, by a former marriage; and the defendant had five children, ranging from two to twenty years of age, all boys. They had one child after their marriage. The defendant was a well-to-do farmer and owned some valuable real estate, both city and farm property. The court found a reconciliation impossible. The property owned by the defendant was acquired principally during his first marriage; the plaintiff had nothing in her own right. At the time the decree was entered the defend-

ant owned a homestead near Wathena, worth $10,000, city property worth $5000, and had about $4000 cash in hand.

The court awarded to each of the parties the possession and use of one-half of the property, dividing it in kind so far as practicable. Such division and use was to continue so long as both parties might live; and the order provided that upon the death of either it should terminate the same as if it had never been made, and the property should then be disposed of under the law. In making this order the court acted under the provision of section 5136 of the General Statutes of 1901, which reads:

"When the parties appear to be in equal wrong, the court may in its discretion refuse to grant a divorce, and in any such case or in any other case where a divorce is refused, the court may for good cause shown make such order as may be proper for the custody, maintenance and education of the children, and for the control and equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties."

The provision made for the wife seems very generous, but in justification therefor the court considered the fact that she had reared and cared for the defendant's minor children by a former marriage and performed the other duties devolving upon a farmer's wife for more than twenty-three years, being the best and most vigorous years of her life, which entitled her to a comfortable maintenance during the few remaining years of the defendant's life, who, being then eighty-two years of age, could not in the ordinary course of nature be expected to survive for many years. The statute confides a large measure of discretion to the court in making orders of this nature, and we can not say that this discretion has been abused in this case so as to require a reversal of the decree. It is therefore affirmed.