HERBERT W. ADAMS *vs.* ADA M. HOLT.

Suffolk.    January 17, 1913. — February 26, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Contract,* Implied. *Marriage and Divorce,* Annulling marriage. *Superior Court. Equity Jurisdiction.*

In granting a decree of nullity of marriage on a libel brought by a man under R. L. c. 151, § 11, the Superior Court has no power to order the libellant to pay to the libellee a sum of money as compensation for services rendered by her to him during the existence of the supposed marriage relation.

The Superior Court, when sitting to hear libels for divorce or for the annulling or affirmance of marriages, has not general equity powers.

LIBEL for the. annulling of a marriage, filed in the Superior Court on February 27, 1912.

In the Superior Court the case was heard by *Pierce,* J. While the counsel for the libellee was cross-examining the libellant, at the suggestion of the judge the cross-examination was suspended and the counsel for the libellee stated to the court that he was satisfied that the petitioner was entitled to a decree of nullity, but that he thought the libellee was entitled to and asked the judge to make an order allowing the libellee an amount of money by way of compensation for services rendered during the period of the supposed marriage relation. The counsel for the libellant offered to prove by witnesses present that the libellee had not entered into the marriage relation with the libellant in good faith. The judge ruled as a matter of law that he had no authority to grant compensation and refused to hear testimony as to the good faith of the libellee and refused to make any award by way of compensation. The judge made an order for a decree that the marriage be annulled; and the libellee alleged exceptions to the ruling and the refusals of the judge. For the purpose of raising the issue in question, so much of the evidence as related to it was presented in an agreed statement of facts which was attached to the bill of exceptions.

*W. J. Day & H. A. Kenny,* for the libellee, submitted a brief.

*L. C. Southard,* for the libellant.

SHELDON, J. It is admitted that the marriage between these parties was void from the beginning, and that a decree of nullity was properly entered in favor of the libellant. R. L. c. 151, §§ 4, 11. The only question raised is whether the judge who heard the case had authority to order the libellant to pay to the libellee a sum of money not as alimony under the provisions of R. L. c. 152, §§ 30–33, but as compensation for services rendered by her to the libellant during the existence of the supposed marriage relation.

We recently said that "Courts of this Commonwealth cannot grant alimony except and so far as authorized by the statutes. *Davol* v. *Davol*, 13 Mass. 264. *Shannon* v. *Shannon*, 2 Gray, 285. *Page* v. *Page*, 189 Mass. 85, 87. It has been held that relief in the nature of alimony cannot be afforded except as an incident in connection with a divorce. *Adams* v. *Adams*, 100 Mass. 365." Rugg, C. J., in *Parker* v. *Parker*, 211 Mass. 139, 141. But the only statutory provisions now applicable here are those contained in R. L. c. 152, §§ 30, *et seq.* Giving the widest interpretation to these statutes and to the enactment in R. L. c. 151, § 11, that all the provisions of c. 152 relating to libels for divorce shall, so far as appropriate, apply to libels like the one before us, yet we can find in them no authority for granting, either to a divorced wife or to one whose pretended marriage has been found to have been absolutely void, any compensation for services that she may have rendered to her real or pretended husband during their cohabitation. She may be entitled to an allowance for her support and for that of any children that may have been born to the parties; *Holbrook* v. *Comstock*, 16 Gray, 109, 110; but the giving of such an allowance does not rest upon any idea of compensation for services rendered by either party to the other. It does not arise from any business transaction or from any contract express or implied. *Graves* v. *Graves*, 108 Mass. 314, 318. *Leyland* v. *Leyland*, 186 Mass. 420, 421, quoting from *Audubon* v. *Shufeldt*, 181 U. S. 575, 577.

If our statutes had given jurisdiction of libels for nullity of marriage to courts having full equity powers, there might be some reason for holding that such courts could, as a condition of granting the relief prayed for, require that property brought by the defendant to the plaintiff should be restored to the former,

or that an equitable division of any accumulated property should be made. *Fuller* v. *Fuller*, 33 Kans. 582, 586. *Werner* v. *Werner*, 59 Kans. 399. But with us the Superior Court, sitting to hear libels brought for divorce or for relief under R. L. c. 151, § 11, has not general equity powers; it simply is authorized, where necessary, to adopt the procedure of ecclesiastical courts or courts of equity. R. L. c. 152, § 29. *Patterson* v. *Patterson*, 197 Mass. 112, 118. *Greenia* v. *Greenia*, 206 Mass. 449, 450.

In *Stapleberg* v. *Stapleberg*, 77 Conn. 31, and *Strode* v. *Strode*, 3 Bush, 227, relied on by the libellee, the money allowed to the alleged wife whose marriage was avoided was given as alimony, not at all as compensation for services.

The ruling that the court had no authority to give to the libellee compensation for whatever services she may have rendered to the libellant while living illegally with him as his wife, was correct.

*Exceptions overruled.*