### No. 20,940.

GEORGE W. McCORMICK, *Appellant,* v. THEODORA B. McCORMICK, *Appellee.*

#### SYLLABUS BY THE COURT.

1. DIVORCE REFUSED—*Division of Property—Pleadings.* If the court refuses to grant a divorce to parties it may under section 668 of the civil code make an equitable division and disposition of their property, although no demand for such division and disposition had been made by either of the parties in the pleadings originally filed by them.

2. SAME. After refusing a divorce in such a case, the court may in its discretion direct the parties to set forth their claims as to property rights, and what each would regard to be an equitable division of their property, but as such a division is incidental to the divorce proceedings such written statements or additional pleadings are not essential to the authority of the court to make a division.

3. SAME—*Judgment Sustained by Evidence.* The evidence examined and held to be sufficient to sustain the findings and judgment of the trial court.

Appeal from Riley district court; FRED R. SMITH, judge. Opinion filed May 12, 1917. Affirmed.

*F. L. Williams,* of Clay Center, *Sam Kimble,* and *A. M. Johnston,* both of Manhattan, for the appellant.

*Hal E. Harlan,* of Manhattan, and *J. V. Humphrey,* of Junction City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought by George W. McCormick to obtain a divorce from Theodora B. McCormick. The divorce was refused, and the court proceeded to make an equitable division of the property, awarding the defendant the sum of $1200 and requiring the plaintiff to pay the costs

of the action and an attorney's fee for the defendant. The plaintiff appeals.

The grounds for divorce stated in the petition were gross neglect of duty and extreme cruelty. The defendant denied the averments of the petition and further alleged condonation of the wrongs alleged by plaintiff. There was much conflict in the testimony, and the main contention is that it does not sustain the findings and judgment of the court. Plaintiff offered evidence tending to show that the defendant' was of a jealous disposition, was unjustly suspicious of him and had charged him with dishonesty and infidelity. There was testimony that she was quarrelsome and had nagged and harassed him as to his property, going so far as to attempt to obtain a portion of it. Defendant offered testimony to the effect that she was required to live in a single room in a hotel when she very much desired and had been promised a home; that plaintiff had left her alone and had spent a great part of his time in a village in Missouri, where he entered into some kind of a business relation with a woman of that place. The testimony is that defendant reproached him for leaving her and his regular place of business, and in view of the testimony in the case it is not surprising that she was jealous nor that she should use strong language in complaining of his conduct. According to some of the testimony, things were said and done by each of the parties that were far from creditable. After reviewing the testimony at length, the court concluded that the plaintiff was not entitled to a divorce, and the decision appears to have sufficient support in the evidence. The complaint that the statements and findings of the court betrayed a prejudice against the plaintiff is not sustained. The court found, and apparently upon sufficient testimony, that after plaintiff had filed his petition asking for a divorce the plaintiff and defendant resumed marital relations, having on diverse occasions lived and cohabited together as man and wife. Under the circumstances the court was warranted in refusing the divorce.

It is contended that the court was not warranted in ordering a division of the property between the parties as no demand was made in the pleadings for such division. The code does not require an allegation as to property rights nor that a demand for a division of the property shall be included in the

pleading before an order of that kind may be made. In an action to obtain a divorce, where the parties are in equal wrong, the court may refuse a divorce, or in any other case where a divorce is refused the court may make an equitable division of the property. (Civ. Code, § 668.) The matter of a division is not an essential part of the application for a divorce, but is a mere incident of it. The right to make a division does not arise until a divorce has been refused, and it is then a matter within the discretion of the court. Parties contending as to the granting of a divorce are hardly required to anticipate in their original pleadings the refusal of the divorce. A defendant would hardly be consistent if he insisted that there was no ground for a divorce and no reason why the marital relations should not be continued, and at the same time and in the same pleading should ask for a division of the property. Upon refusing a divorce it would be competent for the court to indicate that it had under consideration a division of the property, and to direct the parties to file written statements of their claims as to what would constitute an equitable division, but the practice has generally been to make the inquiry without written statements or formal pleadings of any kind.

In *Bowers v. Bowers,* 70 Kan. 164, 78 Pac. 430, there was an application for a division of property in connection with a demand for a divorce, but in the cases of *Van Brunt v. Van Brunt,* 52 Kan. 380, 34 Pac. 1117; *Rullman v. Rullman,* 80 Kan. 691, 102 Pac. 1102; and *Danielson v. Danielson,* 99 Kan. 222, 161 Pac. 623, it does not appear that a division of the property was mentioned in the pleadings, and in the view of the court a demand in the pleadings for a division is not essential to the making of an order when a divorce is refused.

We find no substantial error in the record, and the judgment of the court is affirmed.