No. 40,610

JULIA Z. BENEWIAT, *Appellant,* v. JOHN BENEWIAT, *Appellee.*

(313 P. 2d 251)

Opinion filed July 3, 1957.

*Leo R. Wetta,* of Wichita, argued the cause, and *Paul V. Smith, Douglas E. Shay* and *Dean Matthew,* all of Wichita, were with him on the briefs for the appellant.

*George E. Grist,* of Wichita, argued the cause, and *Lester Wilkinson,* of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is a divorce action. The appeal is from orders striking plaintiff's reply, dismissing the action for want of prosecution, and refusing to reinstate the action.

On April 11, 1956, plaintiff filed her petition alleging a common-law marriage relationship between her and defendant, and that as the result of their joint efforts they had accumulated certain described real estate in Sedgwick County, title to which was in defendant's name until November, 1955, at which time defendant conveyed the same by joint-tenancy deed to himself and his son by a previous marriage, such conveyance being made without the knowledge or consent of plaintiff. It was further alleged that plaintiff and defendant owned certain other described real estate in Sedgwick County in joint tenancy, on which they operated a trailer park. It was further alleged there were no children of the marriage; that defendant had been guilty of extreme cruelty and gross neglect of duty, and the prayer sought an absolute divorce, a division of the income from both described properties, and an order making a proper division of the property.

On May 7, 1956, defendant filed his answer in which he denied the common-law marriage relationship, and that he had been guilty of extreme cruelty and gross neglect of duty. The answer admitted that he and plaintiff owned as tenants in common the second tract of real estate mentioned in plaintiff's petition; that it was owned by them as a partnership venture, and that they were operating a trailer park on the property. The answer also contained a general denial of all allegations contained in the petition unless otherwise admitted.

On September 11, 1956, plaintiff filed a reply which, after denying all allegations and averments of new matter contained in the answer, stated that if the marriage alleged in her petition should be held to be null and void and no divorce should be granted, that there should be an equitable and just division of the property described in her petition which was the result of the joint earnings and labor of the parties during the time they lived together as husband and wife.

On October 20, 1956, defendant filed a motion to strike the reply on the ground it changed the issues set forth in plaintiff's petition.

On October 29, 1956, this motion to strike was sustained by an order of division No. 2 of the district court.

On November 29, 1956, by an order of division No. 1 of the district court, plaintiff's action was dismissed for want of prosecution.

Plaintiff's motion to reinstate the action was denied on December 10, 1956, following which this appeal was taken.

We first discuss the order striking plaintiff's reply.

As heretofore stated, the petition alleged a common-law marriage; that there were no children of the marriage; that defendant had been guilty of extreme cruelty and gross neglect of duty; that by the joint efforts of the parties certain described real estate had been accumulated, title to which was in defendant and his son by a previous marriage; that plaintiff and defendant owned certain other described real estate in joint tenancy on which they were operating a trailer park, and that plaintiff was entitled to a division of the income from both properties and to an equitable division of such properties.

The answer, after denying generally, and specifically denying the common-law marriage relationship and the charges of extreme cruelty and gross neglect of duty, admitted that defendant and plaintiff owned one of the two tracts in question as tenants in common; that it was owned as a partnership venture, and that the parties were operating a trailer park on it.

As stated, the reply alleged that if the marriage should be held to be null and void and no divorce be granted, that an equitable and just division of certain property described in the petition should be made.

Under the circumstances, we feel that we are not called upon to write a treatise on the subject of pleadings in divorce actions, but in our opinion the reply was erroneously stricken. G. S. 1949, 60-1506, provides that when parties appear to be in equal wrong the court may, in its discretion, refuse to grant a divorce, and in any such case, *or in any other case where a divorce is refused,* the court may make an equitable division and disposition of the property of the parties as may be proper, equitable and just. This, in reality, is what plaintiff sought in her reply. The action was one purely equitable in nature, and, under the circumstances, the court had jurisdiction to grant or deny the relief sought by the pleadings in the case. While there is some dissimilarity in the facts, we think the matter is governed by the general principle laid down in *Werner v. Werner,* 59 Kan. 399, 53 Pac. 127, 68 Am. St. Rep. 372, 41 L. R. A. 349, and *Cummings v. Cummings,* 138 Kan. 359, 362, 26 P. 2d 440. This was a routine divorce action, even though based on an alleged common-law marriage, and for an equitable division of the property of the parties. The court should have proceeded to try the case on the issues presented.

The reply was erroneously stricken.

This brings us, then, to the propriety of the order dismissing plaintiff's action for want of prosecution.

The petition was filed on April 11, 1956. The answer was filed on May 7, 1956. The reply was filed on September 11, 1956. From the record presented, it appears the case was first set for trial on August 29, 1956, in division No. 3 of the district court, but, due to the fact defendant's attorneys were to be engaged the following day in a trial in a neighboring county, the case was continued by agreement of the parties until September 13th. On that day all parties appeared and announced themselves ready for trial, but when it was developed that the judge of that division had previously represented defendant's former wife in a divorce action, the matter was assigned to division No. 2 of the district court and continued until October 16, 1956. Two or three days prior to this date, due to the illness of defendant, the matter was again continued and set down for hearing on November 29, 1956. In the meantime plaintiff's reply had been stricken and her counsel had advised defendant's counsel they intended to appeal from that order. It also appears that prior to November 29, 1956, counsel had at least one conversation, and possibly others, concerning the fact that plaintiff probably would not be ready to go to trial on November 29th. Be that as it may, on November 29th plaintiff was present by counsel, and defendant was present in person and by his counsel. Plaintiff moved for a continuance, and defendant moved for dismissal for want of prosecution. The motion to dismiss was sustained.

This court is reluctant to set aside an order such as this, which normally rests within the sound discretion of a trial court, but, under all of the circumstances disclosed by this record, a portion of which have been related, we feel compelled to hold that in dismissing the action and refusing to reinstate the same the trial court abused its discretion to plaintiff's prejudice.

The orders striking the reply, dismissing the action, and refusing to reinstate, are therefore reversed, vacated and set aside.