No. 55,271

JODIE E. EATON, formerly JODIE E. JOHNSTON, *Appellee*, v. BILLIE WAYNE JOHNSTON, *Appellant*.

(681 P.2d 606)

Opinion filed April 27, 1984.

*Lester A. Holloway,* of Wichita, was on the brief for appellant.

*Stephen B. Plummer,* of Rumsey, Richey & Plummer, of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: This is an action in which defendant Billie Wayne Johnston has appealed from the district court's determination that a common law marriage between defendant and plaintiff Jodie E. Johnston (now Eaton) did not exist and the court's refusal to consider a division of property. The Court of Appeals heard the appeal and affirmed the district court's judgment as to the nonexistence of a common law marriage but reversed and remanded the case for further proceedings relative to division of property. *Eaton v. Johnston,* 9 Kan. App. 2d 63, 672 P.2d 10 (1983). The matter is before this court on petition for review granted to the plaintiff.

We adopt the statement of facts contained in the Court of Appeals opinion as follows:

"Plaintiff and defendant were married December 21, 1957. They were divorced August 3, 1977. Four children had been born of their marriage, one of whom, a son born July 16, 1970, is still a minor and remains in the custody of plaintiff. By the decree of August 3, 1977, much and perhaps most of the property which had been accumulated by the parties was awarded to plaintiff.

"A short period after their divorce was granted, the parties resumed living

together and continued to do so for approximately two and one-half years. During this period the parties jointly acquired a house and incorporated their business. On September 4, 1981, defendant conveyed his interest in the house and all of his stock in the corporation to plaintiff. They separated again September 5, 1981.

"Plaintiff filed her petition in this action December 19, 1981, seeking an adjudication that a common law marriage between herself and defendant did not exist, but, in the alternative, if the court should find they were in fact married, that she be granted an absolute divorce, an equitable division of the property of the parties acquired after August 3, 1977, custody of their minor child, and other relief.

"By his answer and cross-petition, defendant alleged the existence of a common law marriage and prayed for divorce, an equitable division of property 'acquired during their marriage,' custody of the minor child, and other relief.

"Following a two-day evidentiary hearing, the court rendered its findings and judgment, 'that the parties are not married and that there was no common-law marriage between them from and after August 3, 1977.' The court then also awarded custody of the child to plaintiff and prescribed visitation rights of defendant. No mention was made of a division of property at that time, nor did either of the parties then seek a further adjudication in that regard. However, the issue was presented in connection with defendant's motion for new trial, which the court denied after concluding since there was no common law marriage, it was 'powerless to move ahead and apportion property.' " 9 Kan. App. 2d at 63-64.

The first issue before us is whether there was substantial competent evidence to support the district court's finding there was no common law marriage between the parties.

We believe the Court of Appeals adequately disposed of this issue and adopt the following portion of the intermediate appellate court's opinion:

"In considering whether reversible error was committed in finding that a common law marriage did not exist, several long-standing rules of appellate review are to be taken into account. A district court judgment is presumed valid and will not be set aside absent an affirmative showing of error by the appellant. *First Nat'l Bank & Trust Co. v. Lygrisse,* 231 Kan. 595, 602, 647 P.2d 1268 (1982). A finding that a party has not sustained its requisite burden will not be disturbed absent an arbitrary disregard of undisputed evidence. *Krauzer v. Farmland Industries, Inc.,* 6 Kan. App. 2d 107, 626 P.2d 1223, *rev. denied* 229 Kan. 670 (1981). Because of the trial court's advantageous position, the appellate court does not retry disputed factual issues nor pass on the credibility of witnesses and the weight to be given each piece of testimony. *Driscoll v. Driscoll,* 220 Kan. 225, 228, 552 P.2d 629 (1976); *Sullivan v. Sullivan,* 196 Kan. 705, 708, 710, 413 P.2d 988 (1966).

"Defendant contends sufficient evidence was presented to establish the three elements of common law marriage, *i.e.* (1) a capacity of the parties to marry; (2) a present marriage agreement between the parties; and (3) a holding out of each other as husband and wife to the public. *In re Estate of Keimig,* 215 Kan. 869,

872, 528 P.2d 1228 (1974). The trial court found there was insufficient evidence to support a finding of either the second or third elements. Conflicting testimony was presented on both. Plaintiff consistently denied a marriage agreement with defendant, and denied holding defendant out as her husband after their divorce on August 3, 1977. These denials suffice to support a negative finding against the one having the burden of proof. *Driscoll*, 220 Kan. at 228. However, it was also shown that on several occasions defendant asked plaintiff to remarry him; and, during the period they lived together, both parties filed separate tax returns as 'unmarried head of household' or single taxpayers. The evidence also indicated defendant was involved with another woman and told his family of his plans to marry that woman. The trial court did not err in finding a common law marriage did not exist between the parties." 9 Kan. App. 2d at 64-65.

The next matter to be determined is plaintiff's motion for summary disposition on the issue relative to property division.

Supreme Court Rule 7.041 (232 Kan. cxvii) permits summary disposition of an appeal:

"In any case in which it appears that a prior controlling appellate decision is dispositive of the appeal, the court may summarily affirm or reverse, citing in its order of summary disposition this rule and the controlling decision. Such an order may be entered on the court's own motion after ten (10) days' notice to the parties, citing the decision deemed controlling and providing an opportunity to show cause why such an order should not be filed.

"At any time during the pendency of the appeal, any party may move for summary disposition, citing the prior controlling decision. The motion shall be served on opposing counsel who may respond within ten (10) days. Thereafter, the court may enter an order summarily affirming or reversing, or denying the motion."

Plaintiff contends *Perrenoud v. Perrenoud*, 206 Kan. 559, 480 P.2d 749 (1971), is dispositive of the issue of whether a district court, having found no common law marriage to have existed, may order an equitable division of the property accumulated during the period of cohabitation.

We do not agree. *Perrenoud* involved a situation where a divorce was granted in California with the plaintiff husband being awarded custody of the minor children who were residing in California with him except when his ex-wife had them for holidays in Kansas. At the end of one summer vacation the wife refused to return the children to California. The husband sought to enforce the California custody order in Johnson County, Kansas, by habeas corpus proceedings. The wife filed for a divorce action in Wyandotte County, Kansas. *Perrenoud* is clearly not a prior controlling appellate decision on the issue

before us and the motion for summary disposition is, accordingly, denied.

We turn now to the final issue which is whether the trial court erred in holding it lacked authority to make an equitable division of the property accumulated by the parties during the post-divorce cohabitation period without benefit of formal or common law marriage.

The Court of Appeals in discussing the issue stated:

"Error is also asserted in the refusal of the trial court to make an equitable division of property.

"It is to be noted that a division of the property accumulated by these parties to the date of their divorce on August 3, 1977, was effected by the decree rendered on that date and, in light of the fact the parties did not remarry, the property division then adjudicated is final and may not now be disturbed. *Wallace v. Wallace,* 214 Kan. 344, 520 P.2d 1221 (1974); *Richardson v. Richardson,* 3 Kan. App. 2d 610, 599 P.2d 320, *rev. denied* 226 Kan. 792 (1979). However, we believe the court was in error in not considering and exercising its discretion in directing a division of the property accumulated by the parties during the period they lived together following their divorce. By their pleadings, both plaintiff and defendant sought such relief.

"In the very early case of *Fuller v. Fuller,* 33 Kan. 582, 586-87, 7 Pac. 241 (1885), the court considered the effect of a void marriage and stated:

" 'It is our opinion, however, that in all judicial separations of persons who have lived together as husband and wife, a fair and equitable division of their property should be had; and the court in making such division should inquire into the amount that each party originally owned, the amount each party received while they were living together, and the amount of their joint accumulations.'

"In *Werner v. Werner,* 59 Kan. 399, 401-02, 53 Pac. 127 (1898), in again considering a void marriage, the court stated:

" 'Strictly speaking, this action as it was tried was not a divorce proceeding, but it was rather one to annul a void marriage. Although instituted under the statutes to obtain a divorce, the pleadings were so drawn and the issues so shaped that it was within the power of the court to grant relief independently of the statutes relating to divorce, and it rendered a decree of nullity rather than a decree of divorce. . . .

" ' . . . But independently of the statute of divorce, we think the court had authority to decree, not only an annulment of the marriage, but also the division of the property which had been jointly accumulated by the parties. It was an equitable proceeding, and, within its equity power, the District Court had full jurisdiction to give adequate relief to the parties.'

"*Reese v. Reese,* 132 Kan. 438, 295 Pac. 690 (1931), was an action wherein the plaintiff sought an accounting with the defendant for property accumulated by them while they lived together as husband and wife without being married. The court held it was proper to render judgment in favor of the plaintiff for an accounting of the property accumulated by them while living together as husband and wife without being married, and to give her a proper portion of that property. The court quoted from *Fuller* and from *Werner,* and noted:

" 'The plaintiff is not seeking to recover as the wife of the defendant. She is not

seeking to recover from the defendant on a contract. She is not seeking to recover property held by the defendant in his own right. She is seeking to recover a part of the property which she assisted in accumulating and which justly belongs to her.' 132 Kan. at 441.

"In *Benewiat v. Benewiat,* 181 Kan. 621, 313 P.2d 251 (1957), a common law marriage was alleged by the plaintiff and denied by the defendant. The plaintiff filed her reply alleging that, if a common law marriage was found not to exist, there should be an equitable and just division of property described in her petition, which was the result of the joint earnings and labor of the parties during the time they lived together as husband and wife. In holding the reply erroneously stricken, the court stated:

" 'G.S. 1949, 60-1506, provides that when parties appear to be in equal wrong the court may, in its discretion, refuse to grant a divorce, and in any such case, *or in any other case where a divorce is refused,* the court may make an equitable division and disposition of the property of the parties as may be proper, equitable and just. This, in reality, is what plaintiff sought in her reply. The action was one purely equitable in nature, and, under the circumstances, the court had jurisdiction to grant or deny the relief sought by the pleadings in the case.' p. 623.

"When judgment was rendered in the case before us, K.S.A. 60-1606 (Weeks) was in effect and provided in part:

" 'If a decree of divorce, separate maintenance or annulment is denied other than for the equal fault of the parties *the court may nevertheless make any of the orders authorized by this section for the benefit of the minor children of the parties or for the equitable division of the property of the parties.'* Emphasis added.

"In *Schrader v. Schrader,* 207 Kan. 349, 484 P.2d 1007 (1971), a case alleging common law marriage, in affirming the conclusion that such did not exist and there were no marital ties to be severed by a divorce:

" 'Mr. Schrader's final complaint revolves around the trial court's failure to change the custody of the children from their mother. It is true that K.S.A. 60-1606 provides substantially, in part, that even though a decree of divorce be denied, the court may make provision for the custody and support of minor children. Hence, the court could have entered a custody order in this case had it believed there was any occasion to do so.' 207 Kan. at 352. See also *Scimeca v. Scimeca,* 1 Kan. App. 2d 70, 561 P.2d 904 (1977).

"Even though the court found the parties had not remarried and a decree of divorce was denied, the court, under either K.S.A. 60-1606 as it then existed or in the exercise of its inherent power to do equity independent of the statute, was authorized to make an equitable division of the property accumulated by the parties during the period they were living together.

"Plaintiff asserts defendant's failure to raise the issue of property division until the motion for new trial bars him from raising that issue on appeal. Predecessor statutes to K.S.A. 60-1606 have been construed as giving the trial court discretion to divide property even where no request or demand in the pleadings is made. *Fincham v. Fincham,* 160 Kan. 683, 690-91, 165 P.2d 209, *modified* 161 Kan. 753, 173 P.2d 244 (1946); *McCormick v. McCormick,* 100 Kan. 585, 586-87, 165 Pac. 285 (1917). As noted in *Fincham,* courts are not compelled to make a division of property rights but they may do so, and whether they will do so rests within their discretion. *Cf.* K.S.A. 1982 Supp. 60-1606.

"Here the court did not exercise its discretion but avoided the issue entirely with the conclusion it was powerless to do so. We deem this is to be error and, accordingly, this cause is remanded for further hearing and division of such property as may have been jointly accumulated by the parties or acquired by either with the intent that both should have an interest therein during the period they lived together following their divorce on August 3, 1977, all in such manner as the court in its discretion may find to be just and equitable." 9 Kan. App. 2d at 65-67.

We have no difficulty in concluding the Court of Appeals correctly held the trial court "in the exercise of its inherent power to do equity independent of the statute [K.S.A. 60-1606 (Weeks)], was authorized to make an equitable division of the property accumulated by the parties during the period they were living together." The cases cited by the Court of Appeals relative thereto adequately support this conclusion. In addition to the portion of *Werner v. Werner,* 59 Kan. 399, 53 Pac. 127 (1898), cited by the Court of Appeals, we add the following:

"The court has the same power to make equitable division of the property so accumulated as it would have in case of the dissolution of a business partnership." 59 Kan. at 403.

We have difficulty, however, with the conclusion of the Court of Appeals that K.S.A. 60-1606 (Weeks) authorizes the trial court to make a division of the property under the circumstances herein. The applicable version of the statute provides:

"The court may grant or refuse a divorce when the parties are found to be in equal fault, except that where the court finds incompatibility it may not refuse to grant a divorce on that ground. In either event the court may make any of the orders authorized by K.S.A. 60-1610 except the restoration of a maiden name if the divorce is refused. *If a decree of divorce,* separate maintenance or annulment *is denied* other than for the equal fault of the parties *the court may nevertheless make any of the orders authorized by this section* for the benefit of the minor children of the parties or *for the equitable division of the property of the parties."* Emphasis supplied.

The district court held there was no common law marriage between the parties. As stated in *Perrenoud v. Perrenoud,* 206 Kan. 559:

"A valid marriage between the parties in a divorce action is a prerequisite upon which jurisdiction is based, and a divorce is the judicial dissolution of a marriage relationship." Syl. ¶ 1.

Is a finding no marriage existed synonymous with the denial of

a divorce within the purview of K.S.A. 60-1606 (Weeks)? We believe not.

*Benewiat v. Benewiat,* 181 Kan. 621, 313 P.2d 251 (1957), cited by the Court of Appeals, does indicate property may be divided pursuant to G.S. 1949, 60-1506 (predecessor to K.S.A. 60-1606 [Weeks]) where no common law marriage is found to exist, but goes on to categorize the action as "purely equitable in nature." p. 623.

*Schrader v. Schrader,* 207 Kan. 349, 484 P.2d 1007 (1971), also relied upon by the Court of Appeals, does not squarely address the issue before us. In *Schrader* the parties had been married and divorced and had subsequently resumed cohabitation. A second divorce action was commenced to dissolve the alleged common law marriage. The trial court found no common law marriage existed. The defendant appealed claiming error *inter alia* on the trial court's failure to change custody of the minor child to him. Custody had been granted in the original divorce action to the plaintiff. The opinion states the trial court treated the custody issue as "a motion to change custody in the old divorce case." In any event, the custody issue in *Schrader* really revolved around the judicial decision, on the merits, not to change custody rather than the authority of the trial court to determine the matter.

We conclude K.S.A. 60-1606 (Weeks) does not authorize a district court to make an equitable division of the property of the parties after a finding that no common law marriage existed. Language indicating otherwise in *Benewiat* and *Schrader* is disapproved. As previously held herein, the trial court did have authority, in the exercise of its inherent power to do equity, to make an equitable division of the property—said authority being independent of K.S.A. 60-1606 (Weeks). We, therefore, approve and adopt the ultimate conclusion of the Court of Appeals as follows:

"Here the court did not exercise its discretion but avoided the issue entirely with the conclusion it was powerless to do so. We deem this to be error and, accordingly, this cause is remanded for further hearing and division of such property as may have been jointly accumulated by the parties or acquired by either with the intent that both should have an interest therein during the period they lived together following their divorce on August 3, 1977, all in such manner as the court in its discretion may find to be just and equitable." 9 Kan. App. 2d at 67.

The judgment of the Court of Appeals is affirmed as modified; the judgment of the district court is affirmed in part and reversed in part with directions.

PRAGER, J., concurs in the result.