No. 46,095

Annie Lou Muntzert, *Appellant,* v. A. B. C. Drug Company and Hartford Insurance Company, *Appellees.*

(478 P. 2d 198)

Opinion filed December 12, 1970.

*J. Fred Brower,* of Kopke & Brower, of Great Bend, argued the cause and was on the brief for the appellant.

*Tudor W. Hampton,* of Hampton & Ward, of Great Bend, argued the cause, and *Jerry M. Ward,* of the same firm, was with him on the brief for the appellees.

The opinion of the court was delivered by

Fontron, J.: This action was instituted by Annie Lou Muntzert under the Workmen's Compensation Act for the recovery of compensation claimed due for the death of her husband, Roy H. Muntzert, who died from a heart attack occurring approximately an hour and a half after he left his place of employment. The workmen's compensation examiner entered an award of $16,500 in favor of the claimant and this award was sustained by the director. On appeal from the director's decision, the district court of Barton County, Kansas, denied all compensation, and Mrs. Muntzert has brought an appeal to this court.

In denying compensation, the district court found there was no causal relationship between the decedent's employment and the coronary occlusion which caused his death. Thus, the issue before

us is whether the court's findings, and the judgment based thereon, are supported by substantial competent evidence.

A review of the record discloses, without substantial dispute, that the decedent was employed as a pharmacist by the respondent, A. B. C. Drug Company; that on August 14, 1967, the day of his death, Mr. Muntzert had been left in charge of the drug store because of the manager's absence; that he went to work about 8 a. m.—being some half hour earlier than usual—and left the store at approximately 6:30, about fifteen minutes later than usual, having filled more prescriptions during the day than was average; on arriving at his home he was perspiring and complained of being "beat", that it had been "kind of a rat race"; that he cleaned up but did not eat supper as he and his wife were due at a church function at 7:30; that Mr. Muntzert was called to the pulpit to give the devotionals for the evening program after which he returned to his seat, expiring a short time thereafter.

As frequently happens in cases of this character, the medical experts were not in perfect agreement in assessing causation—in fact they were at odds. Basing his opinion on a recitation of the decedent's job-related activities on the date of his death, one of the experts saw no causal connection between the decedent's work and the vascular incident which took his life. On the other hand, a second doctor took the opposite view, assigning a causal relationship between Mr. Muntzert's employment and his sudden demise.

On this state of the record we are compelled to conclude that the trial court's finding of no causal connection is supported by substantial competent evidence. Accordingly, the finding will not be overturned on appellate review. (See 1 Hatcher's Digest [Rev. Ed.] Appeal & Error, §§ 507, 508.)

The main thrust of the claimant's argument is directed against the trial court's finding that the evidence did not establish any "unusual activity" on the decedent's part, within the contemplation of K. S. A. 44-501. This statute, which defines the obligation under the Workmen's Compensation Act, was amended in 1967 by the addition of the following language:

"Compensation shall not be paid in case of coronary artery disease or cerebrovascular injury unless it is shown that the exertion of the work necessary to precipitate the disability was more than the workman's usual work in the course of the workman's regular employment."

As we understand her argument, the appellant contends that the

term "unusual activity" has a dissimilar connotation than the phrase "more than the workman's usual work." She suggests, and would have us imply, that "unusual" implies a greater variance from the norm than "more than usual."

Whatever might be the semantic basis for the appellant's claim, we believe it would be fruitless for us at this time to engage in learned discussion as to what, if any, practical distinction exists between "unusual" and "more than usual." We simply do not reach the point of construing the 1967 amendment. The trial court found, on what we deem sufficient evidence, that there was no causal relationship between the decedent's employment and the coronary occlusion suffered after he left work, and that the occurrence did not arise out of and in the course of the decedent's employment. Thus, whether the decedent's work on the day in question was more than his usual work becomes entirely irrelevant, and we need not now become involved in the thicket of semantics.

For her second point, the appellant argues that it was error for the district court to substitute its judgment for that of the director of workmen's compensation. This argument is premised on the assumption that the functions performed by the director are basically administrative in nature and that his decision may not be set aside on appeal, absent a showing of fraud, caprice or arbitrariness. To permit the district court to hear the case *de novo*, so the argument runs, would violate the doctrine of separation of powers by assigning essentially administrative duties or functions to the judicial branch of government.

By a somewhat rare coincidence the same postulate was advanced in an appeal coming before this court just last month, *Gawith v. Gage's Plumbing & Heating Co., Inc.*, 206 Kan. 169, 476 P. 2d 966. In a comprehensive opinion authored by Justice Schroeder (the perusal of which is recommended) this court rejected contentions identical to those now presented by this appellant.

We need not here repeat all that was said so effectively in *Gawith*. It is sufficient, for present purposes, to affirm the rationale of that case by reiterating that on an appeal from a decision of the workmen's compensation director, the district court is empowered, under K. S. A. 1967 Supp. 44-556, to hear the matter *de novo* on the record made below, and to substitute its judgment for that of the director, and in so doing the court does not exercise administrative functions in violation of the constitutional separation of powers doctrine.

The judgment of the district court is affirmed.