No. 46,855

EUGENE LEWIS SIMPSON, *Appellant,* v. LOGAN-MOORE LUMBER CO.
and HOME INDEMNITY COMPANY, *Appellees.*

(510 P. 2d 1234)

Opinion filed June 9, 1973.

*George V. Allen,* of Lawrence, argued the cause and was on the brief for appellant.

*Robert A. Unverferth,* of Boddington, Brown & Unverferth, of Kansas City, argued the cause and was on the brief for the appellees.

*Per Curiam:* This is an appeal from a judgment of the district court denying the claimant-appellant's claim for disability and medical benefits under the Workmen's Compensation Act. The claim had previously been denied by the Examiner and by the Director.

The claimant-appellant was employed by the appellee, Logan-Moore Lumber Co., as a laborer. It is admitted by both sides that the claimant-appellant's job was to load and unload lumber and sheetrock. On June 29, 1969, the claimant-appellant was unloading sheetrock at a construction site and sustained a heart attack. On the day in question claimant-appellant had to carry the sheetrock from the street level to a porch and then up a flight of stairs, a somewhat longer distance than usual when unloading sheetrock. Claimant-appellant thus contends he sustained a compensable disability by reason of the heart attack because of the greater exertion.

K. S. A. 1971 Supp. 44-501 provides in part as follows:

". . . Compensation shall not be paid in case of coronary or coronary artery disease or cerebrovascular injury unless it is shown that *the exertion of work necessary to precipitate the disability was more than the workman's usual work in the course of the workman's regular employment."* (Emphasis supplied.)

This court has interpreted K. S. A. 1971 Supp. 44-501 on several occasions. In *Calvert v. Darby Corporation,* 207 Kan. 198, 483 P. 2d 491, the claimant raised an argument similar to that of this claimant-appellant. This court held the question is one of fact and that as long as there is substantial competent evidence supporting the district court's judgment, the decision must be upheld.

Applying the aforementioned rule of law to the case at hand, it is clear that there was substantial competent evidence to support the lower court's decision. The Examiner found that there "was no more than the workman's usual work in the course of the workman's regular employment." The Director found, "The claimant's usual work consisted of loading and unloading materials normally found in lumber yards. He and his co-worker both testified carrying sheetrock up a flight of stairs was not unusual in claimant's work." In the present case it was admitted by the claimant that his job consisted of loading and unloading sheetrock. The claimant testified he had carried sheetrock up stairs of various lengths since 1960. The claimant-appellant sustained his heart attack while in the process of unloading sheetrock. It is true that claimant-appellant did have to walk up stairs but this was not out of the ordinary. It was the claimant-appellant's job to unload sheetrock and deliver it to a particular destination.

The claimant-appellant was doing his usual work in the course of his regular employment. The exertion of the work necessary to precipitate the disability was no more than that of his usual work.

The judgment is affirmed.

OWSLEY, J., dissenting: I disagree with the court's decision. A careful reading of the statute (K. S. A. 1971 Supp. 44-501) prohibits recovery for a coronary or coronary artery disease if it occurs in the workman's usual work; however, the statute plainly reads if the exertion of the work necessary to precipitate the disability is more than the usual work, recovery is permitted. The emphasis is on unusual exertion.

The claimant testified he had been carrying sheetrock during the whole nineteen years he had worked for the respondent. He testified that immediately prior to his attack he had been carrying sheetrock from the street up five or six steps to the sidewalk. He then carried the sheetrock up four or five steps to the porch. After entering the house the sheetrock was carried up the steps to the second floor of the house. He further testified it was not unusual to carry sheetrock up to the second floor of the house, but it was unusual to carry it from the street up two sets of stairs before entering the house and going to the second floor.

A fellow employee of the plaintiff, Morrison, testified to the same effect, and when asked whether the work was unusual, he said, "Well, what we had out in front was unusual. That was unusual.

About going up the stairs it is not unusual. We have to take that up all the time like that. Carrying it from the street, that was just unusual that day, that's all."

The testimony of claimant and his fellow employee, Morrison, was the whole of the evidence before the trial court as to whether there was exertion beyond the claimant's usual work. Any inferences drawn from the testimony must be limited to the foregoing. The statement in the opinion for the court that "exertion of the work necessary to precipitate the disability was no more than that of his usual work" was erroneous. It was also erroneous to state that "there was substantial competent evidence to support the lower court's decision."

The statute does not give any light on the issue of how much exertion beyond usual work is necessary to support a recovery. In order to reach the conclusion of the majority the statute must be strictly construed against the workman, contrary to the frequently stated rule that the workmen's compensation law should be liberally construed in favor of the workman.

I would reverse the trial court on this issue.

PRAGER, J., joins in the foregoing dissent.