No. 48,297

Naomi V. Woods, *Appellant,* v. Peerless Plastics, Inc., and Federated Mutual Insurance, *Appellees.*

(556 P. 2d 455)

Opinion filed November 6, 1976.

*J. Stephen Nyswonger,* of Braun & Nyswonger, of Garden City, argued the cause, and *Lelyn J. Braun,* of the same firm, was with him on the brief for the appellant.

*Raymond L. Dahlberg,* of Turner and Hensley, Chartered, of Great Bend, argued the cause, and *Lee Turner,* of the same firm, was with him on the brief for the appellees.

The opinion of the court was delivered by

Schroeder, J.: This is an appeal in a workman's compensation case wherein the dependents of a deceased workman, who died following a heart attack while at work for the respondent, were denied compensation by the district court in applying the "heart amendment" of the Kansas Workmen's Compensation Act. (K. S. A. 1975 Supp. 44-501.)

The underlying question on appeal is whether the findings of the trial court are supported by substantial competent evidence.

In October 1947, Marvin Woods married the claimant, Naomi

Woods. Seven children were born to this marriage, four of whom were residing in the home in early 1974.

In March of 1970, Marvin Woods began working for respondent, Peerless Plastics, Inc., manufacturer of internal pressure pipe. In February of 1972, he suffered a heart attack and was hospitalized for approximately seventeen days. He returned to work about three months later. Since that heart attack he had been under regular medication. In addition he normally rode a stationary bicycle eight miles a day before leaving for work.

On January 27, 1974, Mr. Woods completed his cycling exercise 30 to 45 minutes before leaving for work. After arriving at work, Mr. Woods went outside into the cold air and helped to load or unload 20 to 25 plastic pipes weighing about 75 pounds each. Two or three minutes later he suffered a heart attack and died.

A claim was timely filed by the decedent's widow and stipulations of fact were agreed upon by the parties. On July 23, 1975, the workmen's compensation examiner found the decedent's exertion was more than the usual work in the course of his regular employment and did precipitate his disability. Respondent applied to the Workmen's Compensation Director for review. On October 10, 1975, the Director ruled the examiner erred in finding the events which caused the death constituted exertion which was more than usual work in the course of the workman's regular employment and that such exertion did precipitate the myocardial infarction. Therefore, the Director set aside the examiner's award.

Appeal was duly perfected to the district court of Finney County by the claimant. The district court sustained the Director and denied compensation. It found:

(1) That the work the decedent was doing immediately prior to his death was not unusual and was work which he had often performed before as part of his regular duties.

(2) That the claimant has failed to sustain the burden of proof showing there was any unusual exertion which was a precipitating cause of the decedent's heart failure.

In 1967 the legislature amended K. S. A. 44-501 by adding the "heart amendment" which reads:

". . . Compensation shall not be paid in case of coronary or coronary artery disease or cerebrovascular injury unless it is shown that the exertion of the work necessary to precipitate the disability was more than the workman's usual work in the course of the workman's regular employment."

Ambiguities created by the "heart amendment" are discussed in 16 Kan. L. Rev. 411 (1968) by William A. Kelly in an article entitled "The Unusual-Exertion Requirement and Employment-Connected Heart Attacks."

A number of cases have arisen under this amendment. Our most recent decision, *Suhm v. Volks Homes, Inc.*, 219 Kan. 800, 549 P. 2d 944, comprehensively examines the recent "heart amendment" cases.

Whether the exertion of the work necessary to precipitate a disability was more than the workman's usual work in the course of his employment is a question of fact to be determined by the trial court. Furthermore, where an external force rather than exertion is the agency which produces the workman's disability, the usual versus the unusual exertion test contemplated by the amendment is irrelevant. If the trial court finds against the claimant on either of the foregoing factual matters, recovery of an award is foreclosed. Findings of the trial court on either of the foregoing determinations will be upheld on appeal where supported by substantial competent evidence. (*Suhm v. Volks Homes, Inc.*, supra; *Nichols v. State Highway Commission*, 211 Kan. 919, 508 P. 2d 856; *Dolan v. Steele*, 207 Kan. 640, 643, 485 P. 2d 1318; and *Muntzert v. A. B. C. Drug Co.*, 206 Kan. 331, 478 P. 2d 198.)

We construe the trial court's decision in the instant case as embracing a finding that the claimant failed to sustain her burden of proof on each of the foregoing questions of fact.

We examine first the question of Mr. Woods' usual work which he performed as part of his regular employment. Reviewing the record shows that Mr. Woods, a foreman on the 4 o'clock to midnight shift was responsible for the production of pipe. Mr. Woods would be required to assist machine operators in making die adjustments, measuring pipe, moving pipe and keeping the plant clean. On cross-examination, both Robert Kissick, general manager of Peerless Plastics, and Richard Legleiter, a Peerless employee, testified it was a part of Mr. Woods' regular duties to help load and unload plastic pipe from trailers. Wendell Mohler, who helped unload the pipe with Mr. Woods, also testified that the unloading would not have been uncommon or unusual; that Mr. Woods had done it all of the time.

An analogous case is *Calvert v. Darby Corporation*, 207 Kan. 198, 483 P. 2d 491, where the deceased worker was also employed in a supervisory capacity. His duties did not include engaging in

physical labor, but fellow workers testified it was not unusual for him to unload beams involved in that company's work. There the district court found sufficient evidence was presented to show that no unusual exertion was present. That finding was affirmed on appeal to this court.

Substantial competent evidence is presented by the record here to show that the decedent performed no unusual work in the course of his regular employment, and the trial court's finding to that effect must be upheld.

The second fact question concerns causation. As is often the case in workmen's compensation cases, the medical testimony was conflicting. No autopsy was performed.

Dr. Ramon Mendoza, Mr. Woods' personal physician, testified he last saw Mr. Woods on November 23, 1973. He discussed Mr. Woods' prior medical history and indicated Mr. Woods was overweight, had high blood pressure and high cholesterol and trigylceride. However, Dr. Mendoza was unable to say with reasonable medical probability whether exertion could be a contributing factor to a myocardial infarction.

Dr. David Beggs, who attended Mr. Woods on January 27, 1974, testified he believed Mr. Woods died of a myocardial infarction based upon the circumstances surrounding the death and also upon the history taken from Mr. Woods' wife. Dr. Beggs listed acute myocardial infarction as the cause of death on the death certificate. On cross-examination, Dr. Beggs conceded the probable cause of death was a cardiac vascular occurrence of some type.

Dr. Richard Sifford testified on behalf of the respondent. He indicated there were a multiplicity of possible causes for Mr. Woods' death. He referred to Arthur Masters' study published in the Journal of the American Medical Association which failed to show statistically that any level of physical activity had anything to do with a heart attack. He said such attacks frequently happen in one's sleep.

Based on Dr. Sifford's testimony, substantial competent evidence supports the finding of the district court on causal connection.

The appellant contends the examiner made a contrary finding of fact which should be binding on the district court. This contention has been considered many times. In *Gawith v. Gage's Plumbing & Heating Co., Inc.*, 206 Kan. 169, 476 P. 2d 966, it was held the district court, on an appeal from a decision of the Workmen's

Compensation Director, has authority under K. S. A. 1967 Supp. 44-556 (now K. S. A. 1975 Supp. 44-556) to hear an appeal *de novo* upon the record made before the Director and his examiners, and substitute its judgment for that of the Director and his examiners. (See also *Muntzert v. A. B. C. Drug Co.*, supra; and Arnold, Procedures for Reviewing Workmen's Compensation Awards, 13 Washburn L. J. 197 [1974].) Cases on appellate review where this court has affirmed a district court where it reversed the conclusions reached by a workmen's compensation examiner or Director include *Nichols v. State Highway Commission,* supra; *Dolan v. Steele,* supra; and *Muntzert v. A. B. C. Drug Co.,* supra.

The appellant also makes reference to the fact that January 27, 1974, was a cold night. Our review of the record indicates only one passing reference to this fact. There is no evidence that the cold was a precipitating cause of the heart attack. Indeed, nowhere in the medical testimony is the question of *causal connection* between cold weather and heart failure explored.

The appellant cites *Dial v. C. V. Dome Co.,* 213 Kan. 262, 515 P. 2d 1046. There the claimant worked as a finish carpenter in a building that was poorly ventilated. Because of the poor ventilation, the heat in the building was excessive. The claimant collapsed and his condition was described as atherosclerosis. The heat precipitated a rupture of a blood vessel on the surface of the brain producing cerebral hemorrhage. Except for the heat, the claimant was in his normal working environment performing usual duties. In *Dial* the employer urged that since the claimant's injury was cerebrovascular in nature, recovery should be denied absent a showing of unusual exertion. We rejected this contention, holding that the "heart amendment" affects only "run-of-the-mill" cases where exertion causes the injury. In *Dial* the heat was an external force, wholly independent of the workman's exertion, *which precipitated* the vascular activity. We distinguish *Dial* from the case at bar because here the record does not disclose a causal connection between cold weather and heart failure.

The judgment of the lower court is affirmed.