No. 48,658

VIVIAN L. CHAPMAN, widow of Clinton Harold Chapman, Sr., *Appellant,* v. WILKENSON COMPANY, *Appellee,* and AETNA INSURANCE COMPANY, *Appellee.*

(567 P.2d 888)

Opinion filed July 11, 1977.

*J. Franklin Hummer,* of Topeka, argued the cause, and *Charles L. Davis, Jr.,* and *Michael J. Unrein* were with him on the brief for appellant.

*Floyd E. Gehrt,* of Gehrt & Roberts, Chartered, of Topeka, argued the cause, and was on the brief for the appellees.

The opinion of the court was delivered by

FATZER, C. J.: This appeal is from a judgment denying compensation under the "heart amendment" of the Workmen's Compensation Act. (K.S.A. 44-501.) The appellant is the widow of a deceased workman who sustained a fatal heart attack on the job on February 12, 1974.

The facts are not in dispute. The deceased workman, Clinton Harold Chapman, Sr., was a carpenter and millwright who for many years had worked out of a local carpenters union in Topeka. At the time of his death, he had been employed approximately

two weeks by the appellee, Wilkenson Company, on a job at the Goodyear plant in Topeka, Kansas. Mr. Chapman was on a crew of ten men who were installing a conveyor which extended from the east end to the west end of the Goodyear plant. On the morning of his death, Mr. Chapman and two fellow employees were told to move some equipment to the work area at the west end of the plant—a distance of 900 to 1,000 feet. Each man pushed a load weighing approximately 300 pounds. One pushed a portable welding machine; one, a cart containing tool boxes; Mr. Chapman, a two-wheel steel dolly holding an acetylene bottle, an oxygen bottle, a cutting torch, gauges and hoses. The dolly was hard to push, and the men stopped two or three times along the way. All three men were out of breath when they arrived at the west end of the plant. Mr. Chapman sat down to rest; ten minutes later he sustained an acute myocardial infarction which resulted in his death.

A millwright installs all kinds of machinery. His job includes welding, cutting and all mechanical work involved in setting the machinery. The equipment and tools which Mr. Chapman and the two other workmen moved on February 12, 1974, were tools of a millwright's trade and were necessary for the job in progress at the Goodyear plant. The work sites at the east and west ends of the project each had a portable welding machine and acetylene cutting torch. This equipment was moved short distances at the work site as work progressed. During his two weeks on the job, Mr. Chapman had moved this equipment in the immediate work area at the east end of the plant. Occasionally, both sets of welding and cutting equipment were needed at one end of the plant. It had been moved from one end to the other at least five times in the two-week period of Mr. Chapman's employment. Mr. Chapman had never moved the equipment this distance before the morning of his death. Fellow workers testified they considered moving this equipment a part of their jobs. They further testified it was not unusual to have to move this heavy equipment a distance of 1,000 feet.

The Examiner found there was a causal connection between the exertion of moving the heavy equipment and the heart attack, but denied compensation because the exertion was not unusual "in terms of what a millwright is supposed to do in the course of his regular work."

The appellant made application to the Workmen's Compensation Director for review of the award contending the Examiner's finding of usualness was erroneous because it was based on work of a millwright in general rather than on Mr. Chapman's work on this job. The Director framed the issue thusly:

". . . [D]id the legislature intend to provide compensation to one incurring a heart attack on the job resulting in disability or death, after that person had just performed work which exertion was more than usual for *that person* even though other employees of the same employer employed in like position had previously performed that task."

Answering that question in the negative, the Director found that, while the decedent's accidental injury may have been precipitated by the duties of his employment, the precipitating cause was not the result of exertion which was more than usual in the decedent's regular employment. Accordingly, the Examiner's award denying compensation was sustained. The district court sustained the findings and award of the Director, and this appeal followed.

The jurisdiction of the Supreme Court on the appeal of a workmen's compensation case is limited to consideration of questions of law. *Streff v. Goodyear Tire & Rubber Co.,* 211 Kan. 898, 508 P.2d 495; K.S.A. 1976 Supp. 44-556 (*c*); Note, *Procedures for Reviewing Workmen's Compensation Award,* 13 Washburn L. J. 197, 208 (1974). Many workmen's compensation appeals under the "heart amendment" have presented the question of whether the district court's findings were supported by substantial competent evidence. *E.g., Lentz v. City of Marion,* 222 Kan. 169, 563 P.2d 456. That is a question of law as distinguished from a question of fact. *Streff v. Goodyear Tire & Rubber Co.,* supra. The instant appeal presents a different question of law, and one never before squarely addressed by this court: what is the proper standard for determining "the workman's usual work in the course of the workman's regular employment" under K.S.A. 1976 Supp. 44-501?

The appellant argues the Examiner, Director, and district court applied the wrong standard. It is the appellant's position that the standard for gauging the usualness of the exertion causing the heart attack must be the deceased workman's usual work rather than the usual work of other workers on the same job or the usual work of members of his occupation in general.

The pertinent portion of K.S.A. 1976 Supp. 44-501 provides:

". . . Compensation shall not be paid in case of coronary or coronary artery disease or cerebrovascular injury unless it is shown that the exertion of the work necessary to precipitate the disability was more than the workman's usual work in the course of the workman's regular employment."

The appellant notes the statute speaks in terms of the singular "workman" rather than the plural "workmen," and says this language supports her position that the individual workman's work history rather than the work of the occupation in general should dictate "usualness." As a general rule, words in the singular may be construed as being plural *where such construction is necessary to give effect to the legislative intent.* 82 C.J.S. *Statutes,* Sec. 337 (1953). Words in the statutes importing the singular may be extended to several persons *unless* such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the statute. K.S.A. 1976 Supp. 77-201 *(Third).*

Nowhere in the Workmen's Compensation Act does the recovery of compensation by a workman appear to depend on what another workman does. Construing "workman" as it is used in K.S.A. 1976 Supp. 44-501 to be "workmen" seems neither consistent with the legislative intent manifested in the Act nor necessary to give effect to that intent. This court has long been committed to the rule of liberal construction of the Workmen's Compensation Act in order to award compensation to a workman where it is reasonably possible to do so. *Stonecipher v. Winn-Rau Corporation,* 218 Kan. 617, 545 P.2d 317; *Bright v. Bragg,* 175 Kan. 404, 264 P.2d 494.

The appellant's rationale on the proper standard of usualness finds support in other jurisdictions that have considered the question. In Pennsylvania, recovery of workmen's compensation for a heart attack sustained on the job requires a showing that the exertion causing the heart attack was unusual. *Hamilton v. Procon, Inc.,* 434 Pa. 90, 252 A.2d 601 (1969) decided the unusualness must be in terms of the individual's work history rather than the work patterns of his vocation in general:

"If workmen's compensation is intended to deal with the problems of the individual worker, then the standards which determine whether he shall recover compensation should also be geared to the individual. Furthermore, it is difficult to determine what amounts to an unusual strain for the members of a given profession. Certainly, in a given profession or occupation different members

would be subjected to far different working conditions. Most assuredly, there are many carpenters who have never worked under conditions such as those which led to the decedent's death. What is more, the industry-wide test is difficult to apply because a given member of a profession may be able to tolerate a greater or lesser amount of strain depending on his age. The decedent was sixty-four when he suffered his fatal attack. What is an unusual strain for a carpenter sixty-four years of age who had apparently worked many years in more tranquil surroundings may be far different from what would be an unusual strain for a twenty-year old apprentice carpenter.

"For these reasons, we hold that the unusual strain doctrine is to be applied according to the work history of the individual involved and not according to the work patterns of his profession in general." *Id.* at 98-99, 252 A.2d at 605.

Missouri follows the same rationale. *Herbert v. Sharp Brothers Contracting Company,* 467 S.W.2d 105 (Mo. Ct. App. 1971), *motion for rehearing denied, application to transfer to S.Ct. denied.*

We note in passing that respected authorities have criticized basing recovery of workmen's compensation on a showing of "unusual exertion." 1A A. Larson, *The Law of Workmen's Compensation* § 38.60 (1973); Kelly, *The Unusual-Exertion Requirement and Employment-Connected Heart Attacks,* 16 Kan. L. Rev. 411 (1968). The foregoing Pennsylvania and Missouri cases, while adhering to the doctrine, recognized its shortcomings. In the instant case, our function is not to gauge the wisdom of the statute, but to apply it.

We are persuaded that the proper standard of "unusualness" under the statute is the standard advanced by the appellant. We believe this comports with the general tenor of the Workmen's Compensation Act and with the applicable rules of construction. The entire Workmen's Compensation Act is directed toward the individual worker's injuries, and we believe the standards to determine his eligibility for compensation should also be geared to the individual. We therefore hold that the standard for determining what is usual exertion for purposes of the "heart amendment" is the work history of the individual involved.

This holding is bolstered by an analysis of our prior decisions under the "heart amendment" which, although not speaking to this precise point, are consistent with it. In some of these cases, the issues addressed are not relevant to our instant consideration. *Fugit v. United Beechcraft, Inc.,* 222 Kan. 312, 564 P.2d 521; *Eakes v. Hoffman-LaRoche, Inc.,* 220 Kan. 565, 552 P.2d 998; *Dial v. C. V. Dome Co.,* 213 Kan. 262, 515 P.2d 1046; *Brannum v.*

*Spring Lakes Country Club, Inc.,* 203 Kan. 658, 455 P.2d 546. In others, the evidence did not show a causal connection between the work exertion and the heart attack. *Suhm v. Volks Homes, Inc.,* 219 Kan. 800, 549 P.2d 944; *Dolan v. Steele,* 207 Kan. 640, 485 P.2d 1318; *Strader v. Kansas Public Employees Retirement System,* 206 Kan. 392, 479 P.2d 860, *cert. den.* 403 U.S. 914, 29 L.Ed.2d 692, 91 S.Ct. 2240; *Muntzert v. A.B.C. Drug Co.,* 206 Kan. 331, 478 P.2d 198. Where there is no causal connection between the worker's exertion and his injury, the question of whether the exertion was unusual within the meaning of the "heart amendment" is irrelevant. *Suhm v. Volks Homes, Inc.,* supra. The cases which provide a useful comparison with the instant case are those in which the issue was whether the findings of the district court were supported by substantial competent evidence. *Lentz v. City of Marion,* supra; *Woods v. Peerless Plastics, Inc.,* 220 Kan. 786, 556 P.2d 455; *Simpson v. Logan-Moore Lumber Co.,* 212 Kan. 404, 510 P.2d 1234; *Nichols v. State Highway Commission,* 211 Kan. 919, 508 P.2d 856; *Calvert v. Darby Corporation,* 207 Kan. 198, 483 P.2d 491. While in these cases we spoke of "usual work" both in terms of the individual worker and in terms of other workers of his occupation, in every case the determination of "usualness" was consistent with the work history of the individual claimant.

*Lentz v. City of Marion,* supra, is illustrative. There the claimant's deceased husband had been a light plant operator. The evidence went to both the work of light plant operators in general and to the specific work claimant's husband had done. There we said:

". . . What is usual exertion, usual work and regular employment as those terms are used within the meaning in the 'heart amendment' will generally depend upon a number of facts and circumstances among which the daily activities of the workman may be one, but only one, among many factors." (p. 173)

Although it was not unusual for the decedent to mow the grass, the exertion he expended in the mowing which caused his heart attack was unusual under all the facts and circumstances. It was unusual for him based on his prior work history.

In the instant case, the evidence is clear that the exertion which caused Mr. Chapman's heart attack was unusual in terms of the work he had previously done. Although he had moved the heavy equipment short distances in the general work area, he had never

moved it from one end of the plant to the other until the morning of his death. Unusualness may be a matter of degree and may appear in the duration, strenuousness, distance or other circumstances involved in the work. 1A A. Larson, *The Law of Workmen's Compensation,* § 38.64(a) (1973).

Having determined the proper standard for determining what is usual exertion under the "heart amendment" is the work history of the individual involved, we now hold, as a matter of law, that the evidence supports a finding that the exertion precipitating the decedent's death was unusual for purposes of the "heart amendment."

The judgment is reversed and remanded for entry of an award of compensation in accordance with this opinion.

It is so ordered.