(773 P.2d 683)

No. 62,839

CHARLES ELDON MONROE, *Appellant*, v. GENERAL MOTORS CORPO-
RATION, CHEVROLET-PONTIAC-CANADA GROUP, FAIRFAX PLANT, and
KANSAS WORKERS' COMPENSATION FUND, *Appellees*.

Petition for review denied June 22, 1989.

Opinion filed April 28, 1989.

*Mark E. Kolich,* of Mustain & Newman, Chartered, of Kansas City, for the appellant.

*Donald J. Kirkpatrick* and *Stephen A. Murphy,* of Gage & Tucker, of Overland Park, for appellee General Motors Corporation.

*James E. Phelan*, of Lind & Phelan, of Kansas City, for appellee Kansas Workers' Compensation Fund.

Before ABBOTT, C.J., LEWIS, J., and C. FRED LORENTZ, District Judge, assigned.

LEWIS, J.: This is an appeal from a decision by the district court denying appellant Charles Eldon Monroe's claim for workers' compensation benefits.

The claim was first heard by an administrative law judge, who denied it in its entirety. This decision was appealed to the workers' compensation director, who reversed the administrative law judge and awarded claimant compensation for a 100% work disability. The director's award was then appealed to the district court, which reversed the director, reinstated the decision of the administrative law judge, and denied the claim for compensation.

The claimant had suffered from a chronic problem in his lower back for many years, which necessitated surgery in 1981. Claimant testified that in October 1982 he reinjured or aggravated his lower back condition while on the job for the respondent installing struts on automobiles, a job which the evidence showed required a great deal of bending or twisting. The claimant indicated that when he reinjured his back he mentioned this fact to his foreman but did not see anyone at the plant medical facility. The record indicates that, although the claimant contends that his back condition was aggravated in October 1982, for several months following this injury claimant was seeing an orthopedic surgeon for problems relating to injuries to his elbows. He did not mention his back condition to this physician on any of his 11 visits until ten months after the back injury had allegedly been suffered. Claimant was forced to leave his employment with respondent primarily because of the injuries to his elbows, for which he also pursued a workers' compensation claim. He has been awarded a 100% disability award because of the elbow condition.

In support of his position, the claimant presented his own testimony and that of two orthopedic surgeons, both of whom testified that, in their opinion, claimant had sustained a compensable injury when he aggravated his back condition in October 1982. The respondent presented the testimony of its own expert orthopedic surgeon, who had examined the claimant and

who testified that, in his opinion, the claimant's back problems were neither caused by nor aggravated by the incident he described as having taken place in October 1982.

The claimant first argues that the district court erred in not affirming the award of the director as being supported by substantial competent evidence. It is the position of claimant that the district court may no longer conduct a de novo review in workers' compensation cases because this standard of review was limited by the Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.*, to determining whether the director's award is supported by substantial competent evidence.

The claimant argues that workers' compensation appeals are now governed by K.S.A. 77-621, which reads as follows:

"(a) Except to the extent that this act or another statute provides otherwise:

"(1) The burden of proving the invalidity of agency action is on the party asserting invalidity; and

"(2) the validity of agency action shall be determined in accordance with the standards of judicial review provided in this section, as applied to the agency action at the time it was taken.

"(b) The court shall make a separate and distinct ruling on each material issue on which the court's decision is based.

"(c) The court shall grant relief only if it determines any one or more of the following:

"(1) The agency action, or the statute or rule and regulation on which the agency action is based, is unconstitutional on its face or as applied;

"(2) the agency has acted beyond the jurisdiction conferred by any provision of law;

"(3) the agency has not decided an issue requiring resolution;

"(4) the agency has erroneously interpreted or applied the law;

"(5) the agency has engaged in an unlawful procedure or has failed to follow prescribed procedure;

"(6) the persons taking the agency action were improperly constituted as a decision-making body or subject to disqualification;

"(7) the agency action is based on a determination of fact, made or implied by the agency, that is not supported by evidence that is substantial when viewed in light of the record as a whole, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this act; or

"(8) the agency action is otherwise unreasonable, arbitrary or capricious.

"(d) In making the foregoing determinations, due account shall be taken by the court of the rule of harmless error."

Although there is no question but that workers' compensation cases are subject to the provisions of the KJRA, *Williams v. Excel*

*Corp.*, 12 Kan. App. 2d 662, 756 P.2d 1104 (1988), K.S.A. 77-621 clearly does not apply to appeals in workers' compensation cases. K.S.A. 1988 Supp. 77-618 and K.S.A. 1988 Supp. 44-556 specifically provide for review of workers' compensation cases.

K.S.A. 77-618, when originally enacted, read in pertinent part as follows:

"Judicial review of disputed issues of fact shall be confined to the agency record for judicial review as supplemented by additional evidence taken pursuant to this act, except that review shall be by trial *de novo* in appeals of:

"(a) Orders of the director of workers' compensation under the workmen's compensation act."

In 1985, K.S.A. 77-618 was amended, and the de novo language originally in the statute was removed and additional language was inserted. The amended statute now reads in pertinent part as follows:

"Judicial review of disputed issues of fact shall be confined to the agency record for judicial review as supplemented by additional evidence taken pursuant to this act, except that review of:

"(a) Orders of the director of workers' compensation under the workmen's compensation act *shall be in accordance with K.S.A. 44-556 and amendments thereto.*" (Emphasis added.) K.S.A. 1988 Supp. 77-618.

K.S.A. 1988 Supp. 44-556, referred to in 77-618(a), reads in pertinent part as follows:

"(a) Any action of the director pursuant to the workmen's compensation act shall be subject to review in accordance with the act for judicial review and civil enforcement of agency actions. Such review shall be upon questions of law and fact as presented and shown by a transcript of the evidence and proceedings as presented, had and introduced before the director. . . .

"(b) On any such review the district court shall have jurisdiction to grant or refuse compensation, or to increase or diminish any award of the director as justice may require."

The claimant argues that by removing the de novo language from K.S.A. 77-618 the legislature intended to change the standard of review. At first glance, this appears to be an argument which could have some merit. Prior to 1985, the statute provided for de novo review but contained no reference to K.S.A. 44-556. However, when the legislature amended K.S.A. 77-618 and removed the de novo language, it also tied the review of workers' compensation cases to K.S.A. 44-556 and amendments thereto.

When the legislature inserted specific reference to 44-556 in K.S.A. 1988 Supp. 77-618, it was most certainly aware of the many Kansas decisions construing 44-556 and cannot be said to

have intended to alter or change that scope of review. In a long line of cases, the Kansas Supreme Court had stated that, under 44-556, the district court was given the authority to conduct a trial de novo on the record which had been made before the director and to make its own independent adjudication of the facts and the law. In *Reichuber v. Cook Well Servicing*, 220 Kan. 93, 95, 551 P.2d 810 (1976), the court, in a statement illustrative of its prior and subsequent decisions, held:

"K.S.A. 1975 Supp. 44-556(*b*) states that the district court is given the plenary power to 'grant or refuse compensation, or to increase or diminish any award of the director as justice may require.' In such cases the district court conducts a trial de novo with the jurisdiction and duty to make an independent adjudication as to the facts as well as the law."

See *Woods v. Peerless Plastics, Inc.*, 220 Kan. 786, 556 P.2d 455 (1976); *Gawith v. Gage's Plumbing & Heating Co., Inc*, 206 Kan. 169, 476 P.2d 966 (1970).

We conclude that, when the legislature specifically provided that appeals to the district court in workers' compensation cases should be conducted in accordance with K.S.A. 1988 Supp. 44-556, it continued the standard of de novo review of the director's decisions, which the Kansas Supreme Court delineated in the cases cited above.

We conclude that the district court continues to have the same power to review workers' compensation cases as it did prior to the enactment of the KJRA and prior to the amendment of K.S.A. 77-618. The argument by claimant that the district court is limited to reviewing whether the director's findings of fact are supported by substantial competent evidence is without merit. We specifically refuse to apply that standard. By this opinion we intend, insofar as we have that authority, to put to rest any question of the scope of review of workers' compensation cases by the district court or any effect of the KJRA on that scope of review.

The claimant next urges us to reverse the district court on the grounds that its decision is not supported by the evidence. This court has a limited standard of review in cases of this nature and, unlike the district court, we are limited to a determination of whether the findings of the district court are supported by substantial competent evidence. *Day and Zimmerman, Inc. v. George*, 218 Kan. 189, 194, 542 P.2d 313 (1975); *Boyd v. Yellow Freight Systems, Inc.*, 214 Kan. 797, 804, 522 P.2d 395 (1974).

Substantial competent evidence is that which is relevant and which carries enough weight to allow one to conclude that the judgment was proper. *Hardman v. City of Iola*, 219 Kan. 840, 844, 549 P.2d 1013 (1976). When determining whether substantial competent evidence exists, we are required to view the evidence in the light most favorable to the parties prevailing below. *Makalous v. Kansas State Highway Commission*, 222 Kan. 477, 486, 565 P.2d 254 (1977).

The district court found that the claimant did not suffer permanent partial disability or aggravation of any preexisting condition as a result of the alleged accident in October 1982. We have reviewed the record and find that the evidence presented to the district court is conflicting and certainly would have justified an award in favor of the claimant. On the other hand, the respondent presented the expert testimony of an orthopedic surgeon who had examined the claimant and who testified that, in his opinion, claimant had no condition that was caused or aggravated by the October 1982 accident. The district court found that claimant had not sustained any injury or aggravation of a preexisting condition as a result of personal injury by accident arising out of and in the course of his employment for respondent. The district court chose to accept the testimony of the expert witness of the respondent, and stated in its memorandum opinion as follows:

"Dr. Murphy in his deposition recounted claimant's continuing back complaints gleaned from his medical records. In April and July of 1982, he was hospitalized for his back complaints, prior to his alleged injury of October, 1982.

"After examination of claimant, he found that his back complaints began in 1976 or before, and that he does not suffer from any condition emanating from his alleged injury, but from a continuation of the same problem and condition he had had for years before his present claim. In effect, he is stating that he suffers now from the same disability he had before, the same disability that was already present.

"I adopt as findings and conclusions all of the above.

"While the notice and timely claim are questionable, and are disconcertingly similar to the notice and claim relied upon in the prior case I decided, I find that they are sufficient and I affirm the Director's Order on those issues.

"However, on the nature and extent portion of the Director's Order, I disagree. Claimant does not sustain his burden of proof on those issues. This is, I find, a long standing condition, a mechanical back condition, not induced by accidental injury at work, and in this regard, I affirm the Administrative Law Judge. There is a lack of credible evidence and a lack of claimant carrying his burden of proof."

It is apparent from reading the record that the district court had

two conflicting medical opinions; one which supported claimant and one which did not. It was the district judge's job, as the trier of fact, to resolve that conflict and he did so. We have carefully reviewed the record in this case and, while the evidence was conflicting on the question of whether claimant sustained personal injury by accident arising out of and in the course of his employment, we conclude there is ample substantial competent evidence in the record to sustain the district court's judgment.

The claimant further argues that the district court confused the issues of "functional disability" and "work disability" and, even assuming that the evidence does not show that the claimant sustained any increase in his functional disability, he still should have been awarded compensation for his work disability. The problem with this argument is that the trial court decided this matter by concluding that the claimant had failed to sustain his burden of proof in establishing his disabilities were caused by or aggravated by a work-related injury. Once the court determined that the claimant had failed to prove that his disabilities, whether they be "functional" or "work-related," were caused by an injury or event in the scope and course of his employment, he was not entitled to compensation regardless of the extent of his disability. The claim for compensation failed not on the issue of whether claimant's disability was "work" or "functional," but on the fact that claimant failed to establish a compensable cause for his disability, and the question of the nature or extent of the disability was never reached by the trial court.

Affirmed.