Paul J. Morrison Johnson County District Attorney Johnson County Courthouse P.O. Box 728 Olathe, Kansas 66051
Dear Mr. Morrison:
You inquire whether K.S.A. 39-1431, as amended by L. 2001, Ch. 154, § 4, mandates the reporting of all domestic violence incidents by certain identified reporters, including law enforcement officers and health care providers.
These individuals are required to report to the Kansas Department of Social and Rehabilitation Services (SRS) or law enforcement when SRS offices are closed for business if they have "reasonable cause to believe that an adult is being abused or has been abused, neglected or exploited or is in need of protective services."[1]
 "(a) `Adult' means an individual 18 years of age or older alleged to be unable to protect their own interest and who is harmed or threatened with harm through action or inaction by. . . another individual . . . when . . . such person is residing in such person's own home, the home of a family member or the home of a friend. . . ."[2]
While at first glance it would appear that K.S.A. 39-1431 could apply to a situation involving a victim of domestic violence who contacts law enforcement or seeks medical attention, K.S.A. 39-1430 et seq. were not enacted to require the reporting of all domestic violence incidents. In reviewing the legislative history of this enactment, it is clear that the purpose of this legislation was to protect elderly and disabled adults who reside in private homes and who are dependent upon others to care for them.[3]
 "SRS is currently receiving and investigating reports of suspected abuse, neglect and exploitation of adults residing outside of a medical setting. The intent of our investigation is to focus on meeting the needs of adults residing in the community who are unable to provide for their own health, welfare and safety. These adults are unable, without assistance from others, to manage their resources, perform the activities of daily living, or protect themselves from harm; and have no one willing or able to assist them in a responsible manner. This does not include abuse found in typical domestic violence situations. Spousal abuse . . . is the responsibility of law enforcement as per K.S.A. 60-3101 through 60-3111. (Protection from Abuse Statute.)"[4]
This intent to protect adults who are unable to care for themselves is apparent in subsection (b) of K.S.A. 39-1431, which requires that the reporter include in the report "the name and address of the caretaker for the involved adult." "Caretaker" is defined as "a person who has assumed responsibility for an adult's care or financial management or both."[5]
It would appear that the key to determining whether reporting is required is whether the adult victim is incapable of caring for himself or herself and is dependent upon others to provide those services that are necessary to maintain the victim's physical and mental health.
For example, K.S.A. 39-1431 would require the reporting of an elderly or disabled man who is being abused by his caretaker wife or daughter. However, K.S.A. 39-1431 would not mandate the reporting of abuse perpetrated by the husband of an elderly able-bodied mentally competent woman who is not dependent upon him or others to satisfy her basic health needs.
While it may be difficult in some instances for a reporter to determine whether a victim falls within the parameters of K.S.A. 39-1431, the law penalizes only those individuals who "knowingly" fail to report.[6]
"Knowingly" implies a purpose and an intention[7] not to report an incident where there is a clear duty to do so.
Before leaving the area of reporting in the domestic violence context, we note that K.S.A. 21-4213 makes it unlawful for a physician "or other person" to fail to report to law enforcement the treatment of certain injuries that are caused by the discharge of a firearm or which are inflicted by a knife or sharp instrument.
K.S.A. 21-4213 provides, in part:
 "(1) Unlawful failure to report a wound is the failure by an attending physician or other person to report his treatment of any wound, described in subsections (a) and (b) . . . [to law enforcement]:
 "(a) Any bullet wound, gunshot wound, powder burn or other injury arising from or caused by the discharge of a firearm or;
 "(b) Any wound which is likely to or may result in death and is apparently inflicted by a knife, ice pick, or other sharp or pointed instrument."
Unlawful failure to report a wound is a class C misdemeanor.
This statute requires the reporting of wounds inflicted by a knife or sharp instrument which are likely to result in death or as a result of a discharge of a firearm regardless of the circumstances under which the injuries occurred.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] K.S.A. 39-1431, as amended by L. 2001, Ch. 154, § 4(a).
[2] K.S.A. 39-1430(a) (emphasis added).
[3] Minutes, House Committee on Public Health and Welfare, February 9, 1989, Attachment 6; Minutes, House Committee on Public Health and Welfare, February 13, 1989, Attachment 3; Minutes, House Committee on Public Health and Welfare, February 14, 1989; Minutes, Senate Committee on Public Health and Welfare, March 23, 1989, Attachments 1, 3, 4, 7, 9.
[4] Secretary of SRS, Winston Barton, testifying before the Senate Committee on Public Health and Welfare, on behalf of 1989 H.B. 2108 (emphasis added). K.S.A. 39-1431 exempts employees of domestic violence centers from reporting.
[5] K.S.A. 39-1430(i).
[6] K.S.A. 39-1431(e).
[7] Krauzer v. Farmland Industries, Inc., 6 Kan. App. 2d 107 (1981).